is Julio Reyes v. Jefferson Sessions, No. 17-1892. Counsel. May I please close the hearing for the petitioner? Proceed. Thank you, Your Honor. With respect to requesting the remand for the remanding of proceedings, in this case, the issue here is whether or not we've raised a culpable claim of a question of law or a constitutional issue. And this night we've raised the matter that the Board of Immigration Appeals essentially exceeded its authority by engaging in its own fact-finding and furthermore, that it fell upon its own precedents to adhere to the vigors of the petitioner's criminal convictions, thereby allowing him to pursue his Nicarra relief. Okay, can we back up? You're talking about jurisdiction. Right. Okay, you're making this argument in support of a claim that we have jurisdiction. All right, you've got two different issues here. One is sua sponte, asking the BIA sua sponte to reopen. I think it's pretty clear we have no jurisdiction over that. Do you agree? I do agree. I absolutely do agree. Okay, then moving to the BIA's decision not to reopen just as a matter of their assessment of timeliness and whether you've shown exceptional circumstances, you're saying we do have jurisdiction because, in your view, the BIA engaged in fact-finding and it departed from its own precedents. All right, so on fact-finding, what did they do that you say is wrong? So specifically what the Board had done in this decision, it basically stated that notwithstanding its vigors, that discretion would not have been favorably exercised even if it was reopened. That's specifically what the Board had said in its decision, and that in itself is... No, the Board said you hadn't met your burden of showing that this would have made any difference. Right. Okay, so that's a little different than your articulation of it. The Board has not said never. It has said in this case you didn't meet your burden. Right. Okay. So our position is also that the Board didn't consider the sociality of the circumstances in this case. In terms of going back to that discretionary argument, in the case where the vigors were completed, extreme hardship is presumed, and that extreme hardship was considered in this discretionary analysis that we're arguing. And so essentially we're stating that sociality of the circumstances weren't taken into consideration and that now this motion would be reopened. Okay, I'm afraid again I'm misunderstanding. I thought the immigration judge ruled that sort of apart from this extreme hardship situation, which he found wasn't met, in any event he would not as an exercise of his discretion grant relief given the large number of criminal arrests that were on your client's record at the time of this decision. That's why we're asking for the remand specifically because of the vacators of those two outstanding convictions. Which would have been vacated, by the way, many years earlier if he had sought to do that. He waited 40 years after the decision to get these vacated. Isn't that factor also into the case? I would agree. However, I would also argue that the motion to reopen was filed within the 90 days of the actual vacators. But that's not the appropriate trigger. Right. Our position, however, is that he brought this at the earliest possible time. But as Judge Stahl just pointed out, he could have moved years earlier to vacate these convictions. He doesn't bother with this until he's served with a new notice to appear. He actually had a series of convictions, so he was doing them one by one. So I do believe that the timing of this is appropriate. Four years isn't a significant amount of time. He did, in fact, exhaust all his possible forms of relief to remain in the United States by following stage removals with immigration before doing all this. So he was doing this as a matter of step by step. He exhausted all his possible options. So I do believe that this should be considered timely where he sought to vacate conviction after conviction. But prior to doing so, he reached out to ICE for the stage removals. I would also argue that even though the petition here actually has demonstrated exceptional circumstances, the board person here has stated that where underlying convictions have been vacated, those are grounds for conservation to reopen. We cite ten published board decisions where we also argue that this is grounds for reopening. It's also grounds for a grant of his relief, reverting back to the sole issue of just discretion. Can you help me with one thing that I'm not understanding in your argument? Let's assume we agree that this was filed more than 90 days after, so it was statutorily untimely. What hook do you have left other than the board deciding sui sponte that it will make an exception? That's essentially – it really is an argument that – If we don't have the jurisdiction to review the board's exercise or non-exercise of its sui sponte. But I do believe that there is jurisdiction here because we've asserted that essentially the board had cherry-picked the evidence. They're looking strictly at just the criminal record and nothing else that we've attached, including all the additional hardship evidence. I think you're saying we have jurisdiction if the board is wrong and we don't have jurisdiction if they're right. I think that is the equivalent of saying we essentially always have jurisdiction where Congress has said we don't have jurisdiction. I think in particular circumstances where we've asserted a question of law, then there is jurisdiction investing here. We're arguing that the board has essentially exceeded beyond its school of authority by engaging in fact-finding and not adhering to its own rules. And that in itself allows jurisdiction to invest, and that's what we're arguing. So I'm not saying that in every case that it will have jurisdiction to review a sui sponte denial of emotional yoga, but in this particular case, there is. But if the board has prior decisions that it hasn't cited and adopted as precedential decisions, particularly in a discretionary area, then how does a contrary decision a year later in another case somehow give rise to a type of defect that we could point to as saying this is an exception from Congress' mandate that we don't have jurisdiction? Well, again, my apologies for repeating myself, but I believe the board has consistently held And our court has basically required the agency to consistently apply these cases. But the board has consistently held that where a vacatur of conviction is a ground for underlying conviction for grounds for removal. They have found that to be an exceptional circumstance, an exceptional situation. Yes, except it's not clear that's an issue here because of the exercise by the IJ affirmed by the BIA that regardless of those issues, they would not exercise discretion in your client's favor. So we're essentially arguing that another hearing should be granted for that weighing, the balance of the discretionary factors where there is this new evidence of this vacatur. Essentially what we're saying is that these convictions were... They knew that. They knew that. That was the argument you made to the BIA. Right. And they said, well, gee, it sort of doesn't make any difference because that goes to a ground which in the end was not the ultimate ruling of the immigration judge. The immigration judge had denied it based upon the petitioner's inability to demonstrate the height and standard of hardship and also discretion. Yes, and also discretion. And also discretion. So we're also arguing here that essentially that where the board has said even though there is a vacatur, then we would still not find that the IJ would exercise discretion in favor. That is engaging in permissible fact-finding where there is no consideration of this new evidence, of this new... Thank you, counsel. The next case is Julio Reyes v. Jefferson Sessions, number 17-1892. Counsel. May I please call Jonathan for the petitioner? Proceed. Thank you, Your Honor. We're requesting the remand for the reopening of proceedings in this case. The issue here is whether or not we've raised a culpable claim of question of law or a constitutional issue. In this matter, we've raised the matter that the Board of Immigration Appeals essentially exceeded its authority by engaging in its own fact-finding. And furthermore, that it failed to follow its own precedents, adhering to the vacaturs of the respondent's... the petitioner's vacaturs of his criminal convictions, thereby allowing him to pursue his Nicara relief. Okay, can we back up? You're talking about jurisdiction. Right. Okay, you're making this argument in support of a claim that we have jurisdiction. All right, you've got two different issues here. One is sua sponte, asking the BIA sua sponte to reopen. I think it's pretty clear we have no jurisdiction over that. Do you agree? I do agree. I absolutely do agree. Okay, then moving to the BIA's decision not to reopen just as a matter of their assessment of timeliness and whether you've shown exceptional circumstances, you're saying we do have jurisdiction because, in your view, the BIA engaged in fact-finding and it departed from its own precedents. All right, so on fact-finding, what did they do that you say is wrong? So specifically what the board had done was, in its decision, it basically stated that, notwithstanding its vacaturs, that discretion would not have been favorably exercised even if it was reopened. That's specifically what the board had said in its decision, and that in itself is... Now, the board said you hadn't met your burden of showing that this would have made any difference. Right. Okay, so that's a little different than your articulation of it. The board has not said never. It has said, in this case, you didn't meet your burden. Right. Okay. So our position is also that the board didn't consider those circumstances in this case. In terms of going back to that discretionary argument, in the case where the vacaturs were completed, extreme hardship is presumed, and that extreme hardship wasn't considered in this discretionary analysis that we're arguing. And so essentially we're stating that those circumstances weren't taken into consideration in the denial of this motion to reopen. Okay. I'm afraid, again, I'm misunderstanding. I thought the immigration judge ruled that sort of apart from this extreme hardship situation, which he found wasn't met, in any event, he would not, as an exercise of his discretion, grant relief, given the large number of criminal arrests that were on your client's record at the time of this decision. That's why we're asking for the remand, specifically because of the vacaturs of those two outstanding convictions. Which would have been vacated, by the way, many years earlier if he had sought to do that. He waited four years after the decision to get these vacated. Doesn't that factor also into the case? I would agree. However, I would also argue that the motion to reopen was filed within the 90 days of the actual vacaturs. But that's not the appropriate trigger. Right. Our position, however, is that he brought this at the earliest possible time. In his case, he exhausted it. But as Judge Stahl just pointed out, he could have moved years earlier to vacate these convictions. He doesn't bother with this until he's served with a new notice to appear. He actually had a series of convictions, so he was doing them one by one. So I do believe that the timing of this is appropriate. Four years isn't a significant amount of time. He did, in fact, pursue, exhaust all his possible forms of relief to remain in the United States by following stage removals with immigration before doing all this. So he was doing this as a matter of step by step. He exhausted all of his possible options. So I do believe that this should be considered timely where he sought to vacate conviction after conviction. But prior to doing so, he reached out to ICE for the stage removals. I would also argue that even though – I would also argue that basically the petition here actually has demonstrated exceptional circumstances. The more precedent here has stated that where underlying convictions have been vacated, those are grounds for consideration to reopen. We cited ten unpublished board decisions, and we also argue that this is grounds for reopening. It's also grounds for a grant of his relief, reverting back to the sole issue of just discretion. To help me with one thing, and I'm not understanding your argument, let's assume we agree that this was filed more than 90 days after, so it was statutorily untimely. What hope do you have left other than the board deciding sui sponte that we'll make an exception? That's essentially – that really is an argument that – And if we don't have the jurisdiction to review the board's exercise or non-exercise of its sui sponte – But I do believe that there is jurisdiction here, because we've asserted that potentially the board had cherry-picked the evidence. They're looking strictly at just the criminal record and nothing else that we've attached, including all the additional hearts and evidence. I think you're saying we have jurisdiction if the board is wrong, and we don't have jurisdiction if they're right. That is the equivalent of saying we essentially always have jurisdiction, where Congress has said we don't have jurisdiction. I think in particular circumstances where we've asserted a question of law, then there is jurisdiction vesting here. We're arguing that the board has essentially exceeded beyond its scope of authority by engaging in fact-finding and not adhering to its own rules. And that in itself allows jurisdiction to vest, and that's what we're arguing. So I'm not saying that in every case that we'll have jurisdiction to review a sui sponte denial of a motion to reopen. In this particular case, there is. But if the board has prior decisions that it hasn't cited and adopted as precedental decisions, particularly in a discretionary area, then how does a contrary decision a year later in another case somehow give rise to a type of defect that we could point to as saying this is an exception from Congress's mandate that we don't have jurisdiction? Well, again, and I apologize for repeating myself, but I believe the board has consistently held and our court has basically required an agency to consistently apply these cases. But the board has consistently held that where a vacatur of conviction is a ground for underlying conviction for grounds for removal, they have found that to be an exceptional circumstance, an exceptional situation warranting the opening. Yes, except it's not clear that's at issue here because of the exercise by the IJ affirmed by the BIA that regardless of those issues, they would not exercise discretion in your client's favor. So we're essentially arguing that another hearing should be granted for that weight, the balance of the discretionary factors where there is this new evidence of this vacatur. Essentially what we're saying is that these convictions were... They knew that. The IJ did not know that. They knew that. That was the argument he made to the BIA. Right. And they said, well, gee, it sort of doesn't make any difference because that goes to a ground which, in the end, was not the ultimate ruling of the immigration judge. The immigration judge had denied it based upon the petitioner's inability to demonstrate the heightened standard of hardship and also discretion. Yes, and also discretion. And also discretion. So we're also arguing here that, essentially, that were the court to say even though there is a vacatur, then we would still not find that the IJ would exercise discretion effectively. That is engaging in impermissible fact-finding where there is no consideration of this new evidence, of this new... Thank you, counsel. Mr. Cohen, starting with Judge Kayada's questions, do you think we have jurisdiction over any portion of this case? Yes. This court has jurisdiction to review the board's denial of the statutory motion to reopen, but lacks jurisdiction to review the board's denial of sui sponte reopening. For that reason, we've asked the court to deny the petition for review in part and to dismiss the petition for review in part. I'll begin with the statutory motion to reopen. As the court has explained, there are both procedural and substantive bases for the board to deny reopening. Procedurally, a petitioner is generally limited to a single motion to reopen, and that motion must be filed within 90 days of the administrative order removal. Substantively, a motion to reopen must establish prima facie eligibility for the underlying relief sought. It must also introduce material previously unavailable evidence. And regardless of those requirements, the board can deny reopening if it determines that the movement has failed to establish eligibility for the discretionary relief that he seeks. In this particular case, the board denied Mr. Reyes's motion on both procedural and substantive grounds. The motion filed more than four years after the board issued its final order of removal was untimely and did not allege, let alone demonstrate, that it fell within any of the statutory or regulatory exceptions to the time limits on motions to reopen. The board also determined that Mr. Reyes failed to demonstrate that the evidence he proffered along with his motion would change the agency's prior determination that it would deny special rule cancellation of removal as a matter of discretion. Now, he says on that, in doing that, the board engaged in impermissible fact-finding, and we should send it back so he could have another chance to argue to the board that they have to send that back to the IJ, that they're not free to make that ruling. So what's your response? That's simply incorrect. On appeal, the board's review of an immigration judge's findings of fact are limited to review for clear error. But here we're not talking about a direct appeal. Instead, we're talking about a motion to reopen. Those regulations don't apply. The board reviews discretionary determinations de novo as it did on appeal. So even if the regulations did apply, in this case, the board complied with those regulations. This was pointed out in our brief. There was no impermissible fact-finding in this case. Motions to reopen are meant to introduce new and previously unavailable evidence, and the board's ability to review that evidence is not limited in the same way that it would be on direct appeal, where the immigration judge is the fact-finder and the board is merely reviewing the immigration judge's findings of fact. Okay, I'd like to go back to this jurisdiction question. Because very often when we are asked to articulate the, you know, question of law exception to the bar on our jurisdiction, we say that you have to present a colorable question. And does the government concede that these questions are colorable, or are you just asking us to bypass that question because you feel on both procedural and substantive grounds you've got a good case? We did address the sui sponde argument in our brief, and we made two alternative arguments. The first is that no colorable question of law or constitutional claim was presented, because in essence it is a due process challenge. It is a challenge to discretionary relief or sui sponde reopening. And since this court held in Matthew's case, which it recently decided and has held many times before, that there isn't a colorable due process claim here because there's no cognizable liberty interest in a purely discretionary form of relief. Okay, you slipped off the question I asked. He got up and said, look, I have a statutory right to appeal from the substance of the denial of the motion to reopen. And the reason I do is that I'm presenting two issues of law. The first is that they engaged in fact-finding. The second is they didn't follow their own precedent. What's the government's position on whether those are colorable claims? Because that goes to whether we have jurisdiction or not. Correct? To the extent that the fact-finding argument goes to the statutory motion to reopen, the court would have jurisdiction to review that. The second portion of that argument relating to departing from precedent, that goes to the sui sponde reopening, because Petitioner's argument is that the board has consistently reopened proceedings sui sponde upon its own motion where an underlying conviction has been vacated. So the alternative argument we made with respect to sui sponde was even if the court concludes that it has jurisdiction to review constitutional claims and questions of law under 8 U.S.C. section 1252A2D as Petitioner contends, there actually is no precedent, as he claims that there is, because the cases he points to are all cases where the underlying conviction was the basis for removability, unlike in this case where the conviction has nothing to do with the basis for removability but instead relates to discretionary form of relief. And again, as Your Honor has indicated, the board and the immigration judge concluded in this case that regardless of statutory eligibility, they would deny relief as a matter of discretion because of his lengthy criminal record in history. So I just have a fact question about what actually happened here. He was ordered removed because he was ineligible for relief that BIA affirmed some years ago, and he wasn't removed. He was not removed. So it wasn't until he was in a traffic stop years later that they found him again? Is that what happened? I believe he was in custody, and I think that was noted in our brief. He was in custody for? He had come to the attention of authorities. So why wasn't he removed earlier? I would have to double-check regarding how DHS became aware of his presence at that point in time. Why he wasn't removed is something that is true consistently. Unfortunately, we, the government, don't have the capacity to remove everybody who has been ordered removed. And some individuals, like Mr. Reyes, oftentimes do remain in the United States beyond the date of the order of their removal. He stayed here, as many others do, who we unable, unfortunately, to remove. And he was not in detention at that point? I don't believe so, but I would have to look at the record again, Your Honor. It's not what I see in the details, if that's significant. On the sua sponte, the decision not to reopen sua sponte, and the jurisdiction stripping language in that section, what precisely is the government's position as to whether, in relationship to that provision, we have jurisdiction, nevertheless, to review the decision, if we limit our review to a constitutional or coverable issue of law claim? Because I think there's a circuit split on that. There is. There is, and the government's position is that this Court should join the Sixth Circuit in concluding that AUSC Section 1252A2D does not provide the Court jurisdiction to review constitutional challenges or legal challenges to the denial of sua sponte reopening. Then why is that? Because the language is pretty categorical, at least with respect to provisions of the chapter. No provision of the chapter which limits judicial review shall be construed as precluding the type of review I just noted. That's correct. However, the right of the Board or the discretion of the Board to reopen sua sponte is found in the regulations, not in the statute, and so AUSC Section 1252A2D refers to Chapter 12 of Title 8. It doesn't reference the regulations, and the bar on review of the Board's exercise of sua sponte reopening is also not based in statute or regulation. In fact, it's just based on the fact that there's no manageable standard for review of the Board's denial of sua sponte reopening. So by its very terms, AUSC Section 1252A2D does not call into question this Court's longstanding case law. So you've pointed to a difference. You've said the statute refers to the statute. 1252 refers to provisions of this chapter. Can you say this jurisdiction stripping is in a regulation? No, the Board's sua sponte authority is found in the regulation. The authority to reopen is in the regulation. Why should that make a difference? It cuts in favor of there being no jurisdiction at all, even for constitutional claims. Really, the terms of the provision, A2D and Section A2D, don't apply by their very terms. Even though if Congress had expressly said we have no jurisdiction, then we would for this purpose, right? For a constitutional claim. Yes. But you're saying if Congress instead passes a statute that doesn't say that, but that the agency promulgates a regulation, which regulation has to be within the scope of the statute or else it would be unlawful, then we don't have jurisdiction to review a decision under that regulation. I'm not sure how that makes sense, given that the regulations must be creatures of the statute. I understand. And part of the argument that we're making is that because the Court's determination many times over the years that it lacks jurisdiction to review sus sponte as not statutory, but rather because there's no manageable standard, makes this a slightly different creature than the other statutory limitations that might exist. I think if I have understood this, there are three different points. The first is this Court's longstanding case law, that because there's no manageable standard, the second is that the counsel conceded that there was no jurisdiction over the sus sponte, and the third is that the due process claim is not a colorable claim. Yes. Even one made the assumption that the statutory provisions applied here. Yes, that's correct. Okay. Thank you. The one I'm particularly interested in is the manageability issue. I can see the argument that this would be difficult to get your hands on, but then when I think of the other statutory jurisdiction stripping provisions, I believe a number of them refer to exercises of discretion by the agency. Don't they pose the same sort of difficulty to get your hands on and manage a standard for, and yet Congress has expressly said we do have jurisdiction? So why is that a distinction? That may be a reason that motivated other courts to conclude that they do have jurisdiction to review constitutional or legal challenges to the denial of sus ponte reopening, but the point in this case is that whether or not the provision applies, you'll see Section 1252A2D. We still ask the Court to affirm the decision because the argument on the merits the petitioner presents with respect to his challenge to sus ponte denial is actually without merit because he points to cases that are not analogous to this one. He points to cases where the Board has reopened sus ponte where the underlying conviction was the basis for removability, and so that argument doesn't even apply here. Those cases are not analogous, and therefore even if the Court reaches his argument under A2D, his argument is without merit. Which are the circuits that have held that there is jurisdiction over sus ponte denials? I believe that's the third, the fifth, the seventh, and the eighth, but I would have to double-check. My record is happy to supplement if Your Honor would like additional information following the argument today. Yeah, submit a 28-J letter. Okay, I will, Your Honor. Thank you very much. Same amount of time. Yes, thank you. Thank you. Thank you.